IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEONARD H. BECK,      §
     §    No. 333, 2017
    Plaintiff Below,    §
    Appellant,    §    Court Below—Superior Court
     §    of the State of Delaware
    v.    §
     §    C.A. No. N17C-04-254
DELAWARE ATTORNEY    §
GENERAL,    §
     §
    Defendant Below,    §
    Appellee.    §

Submitted: December 20, 2017
Decided:    January 29, 2018

Before **VAUGHN, SEITZ**, and **TRAYNOR**, Justices.

## ORDER

This 29th day of January 2018, it appears to the Court that:

(1)     In April 2017, Leonard H. Beck, filed a *pro se* complaint in the Superior Court. The one-page complaint alleged that "the Attorney General ignores truancy for lack of remedy."

(2)     In June 2017, the Attorney General moved to dismiss Beck's complaint for failure to state a claim upon which relief could be granted.[1] Beck filed a written response to the motion. At the conclusion of a hearing held on August 16, 2017, the

---

[1] Del. Super. Ct. Civil R. 12(b)(6).

Superior Court granted the motion to dismiss and dismissed Beck's complaint. Beck appealed the dismissal to this Court.

(3) Beck's opening brief on appeal was due on or before November 27, 2017. When the brief was not filed by the November 27 deadline, the Clerk issued a brief delinquency notice informing Beck that the brief must be filed without further delay. Beck submitted a letter on December 6, 2017 responding to the delinquency notice. Beck asserted that he had submitted an opening brief.

(4) On December 11, 2017, the Clerk issued a notice directing Beck to show cause why the appeal should not be dismissed for his failure to file the opening brief. Beck submitted a response to the notice on December 20, 2017. Again, Beck asserted that he had submitted an opening brief.

(5) A review of the case docket reveals that Beck submitted a document on November 9, 2017, entitled "Index for Case Number 333, 2017." Although Beck did not identify the document as a brief, and it was not considered as such by the Clerk, Beck's letters suggest that he intended the November 9, 2017 document to serve as his opening brief on appeal.

(6) The Court affords *pro se* litigants a degree of leniency in filing documents on appeal.[2] At a minimum, however, an opening brief must be adequate so that the Court can conduct a meaningful review of the merits of the appellant's

---

[2] *Yancey v National Trust Co.*, 1998 WL 309819 (Del. May 19, 1998).

claims.[3]  In this case, nothing in Beck's "Index for Case Number 333, 2017" resembles a statement of facts or a presentation of arguments for the Court's consideration on appeal.

(7)    The record on appeal includes a transcript of the August 16, 2017 motion hearing in the Superior Court.  The transcript reflects that the Judge carefully explained why Beck's complaint was subject to dismissal for failure to state a claim. Having reviewed the transcript, and in the absence of any claims identified by Beck on appeal, we conclude that the judgment on appeal should be affirmed, *sua sponte*, on the basis of the Superior Court's well-reasoned bench ruling on August 16, 2017 and the court's written order of the same date.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is affirmed.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] *Harper v. Carr-Wilson*, 2011 WL 340300 (Del. Feb. 4, 2011).
[4] *See* Del. Supr. Ct. R. 25(c) (providing that, after filing of the appellant's opening brief, a panel of the Court by unanimous action may, *sua sponte*, enter an order or opinion affirming the judgment or order of the trial court).